**WALTHAM PRECISION INSTRUMENT COMPANY, Inc., et al., Petitioners,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 14022.**

United States Court of Appeals. Seventh Circuit.

Jan. 8, 1964.

428

B. Paul Noble, Washington, D. C., Seymour Rady, Chicago, Ill., for petitioner.

J. B. Truly, Asst. General Counsel, Louis Russell Harding, II, Attorney, Federal Trade Commission, Washington, D. C., James McI. Henderson, General Counsel, Jno. W. Carter, Jr., Attorney, for the Federal Trade Commission, for respondent.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This case is before us on a petition for review of an order issued by the Federal Trade Commission after an administrative proceeding based on an amended complaint charging petitioners [1] and others [2] with unfair acts and practices and unfair methods of competition in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, 66 Stat. 632.[3]

Petitioners were charged in the amended complaint with false and deceptive advertising relative to the distribution of watches imported from Switzerland and which carried on the face or dial of the watch the name "Waltham Premier 25." The watches were referred to as "25-jewel Walthams," when in fact they were 17-jewel watches. The watches were rep-

---

1. Petitioners are Waltham Precision Instrument Company, Inc., a corporation, formerly known as Waltham Watch Company, Waltham Watch Company, a corporation, and Joseph Axler and Melvin Axler, individually and as former officers of said corporation.

2. The complaint was dismissed by the hearing examiner as to Irving H. Stolz, Seth Harrison and Frank Silver, from which order of dismissal no appeal was taken.

3. Pertinent parts of § 5(a) of the Act read:
   "(1) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful.
   * * *
   "(6) The Commission is empowered and directed to prevent persons, partnerships, or corporations, * * * from using unfair methods of competition in commerce and unfair or deceptive acts or practices in commerce."

resented as being manufactured in their entirety in the United States by the well known and long established Waltham Watch Company, when in fact th.y were made up of watch movements manufactured in Switzerland and watch cases from either Switzerland or the United States.

After a hearing, the examiner found the allegations of the amended complaint to be true and entered a cease and desist order against petitioners.

Upon review by the full Commission, the examiner's findings were upheld in most particulars and the Commission entered its final order in a slightly modified form.[4] A Commission opinion by Commissioner Elman was filed.

Waltham Watch Company, a Massachusetts corporation, had been a widely known manufacturer of watches and clocks for many years in Waltham, Massachusetts. In 1956, it ceased manufacturing watches there. It opened an office in New York City and began purchasing watch movements from Switzerland and watch cases in both Switzerland and the United States, and to assemble such watches.

In 1956, petitioners Joseph and Melvin Axler, and others associated with them, acquired control of this corporation. They were officers and directors and formulated and controlled the policies and practices of the corporation. In the same year the Massachusetts corporation licensed Hallmark, Inc., to use the trademark "Waltham" on watches sold by it in the United States.

About July, 1957, Waltham Watch Company, by means of a "spin-off," transferred its watch business to a new Delaware corporation which adopted the same name. Its office and principal place of business was in New York City. Joseph and Melvin Axler were officers and directors of the Delaware corporation and controlled its operation.

The Massachusetts corporation was renamed Waltham Precision Instrument Company, Inc. It continued in business in Waltham, Massachusetts, engaging in

4. "IT IS ORDERED that respondents' exceptions to the proposed order be, and they hereby are, denied.

"IT IS FURTHER ORDERED that respondents, Waltham Precision Instrument Company, Inc., a Massachusetts corporation, formerly known as Waltham Watch Company; Waltham Watch Company, a Delaware corporation; and Joseph Axler and Melvin Axler, individually and as former officers of said corporation, their agents, representatives and employees, directly or through any corporate or other device, in connection with the offering for sale, sale or distribution of watches in commerce, as 'commerce' is defined in the Federal Trade Commission Act, do forthwith cease and desist from:

"1. Representing in any manner, directly or indirectly, including any use of a number in the name or names of their watches, that watches manufactured or sold by them contain a designated number of jewels, unless said watches actually contain the stated number of jewels, each and every one of which serves a purpose of protecting against wear from friction by providing a mechanical contact with a moving part at a point of wear.

"2. Using the name 'Waltham' in advertising or in labeling to designate or describe watches manufactured or sold by them, without expressly, clearly, conspicuously, and prominently stating in immediate connection therewith the country of origin of each component of said watches which is not entirely manufactured in the United States.

"3. Using, in advertising or labeling watches manufactured or sold by them, the terms 'America's first watch,' 'the first American watch company,' 'American,' or any similar word or expression, to describe respondents or such watches.

"4. Furnishing any means or instrumentality to others whereby the public may be misled as to any of the matters or things prohibited by the above provisions of this order.

"IT IS FURTHER ORDERED that the allegation of the complaint that respondents' use of the term 'ruby' in describing the stones in their Resevoil device violated Section 5 of the Federal Trade Commission Act be, and it hereby is, dismissed.

"IT IS FURTHER ORDERED that the complaint, insofar as it relates to individual respondents Irving H. Stolz, Seth Harrison and Frank Silver, be, and it hereby is, dismissed."

the manufacture of various precision instruments, other than watches.

In 1959, Waltham Watch Company of Delaware was merged with Hallmark, Inc., under the name of Waltham Watch Company. The offices were transferred to Chicago, Illinois. At that time, the Axlers terminated their association with the company.

Most of the advertising and labeling shown in the proceeding record was disseminated during the existence of the Massachusetts corporation as the Waltham Watch Company, and while under control of the Axlers.

The facts pleaded in support of the charges were the facts as they existed prior to July, 1957. However, as shown above, the Delaware corporation succeeded to the watch business of the Massachusetts corporation. The record shows the alleged deceptive advertising was continued after its merger with Hallmark, Inc.

The advertising and distribution of the watches were on a national scale. Typical of such advertising were the following:

"Waltham Premier 25."

"The 25-jewel Premier by Waltham."

"The 25-jewel Premier group has patented oil reserve jewels, a horological development that adds 8 extra ruby jewels to the customary 17 friction-bearing jewels."

"Watches that are worthy successors to the famed, history rich Waltham creations of the past 107 years."

"Presenting the 25 Jewel Premier by Waltham * * * America's first watch."

"Introducing * * * your new Waltham watch * * *. It is made by expert watch makers * * * and embodies the skills developed during Waltham's 102-year existence. Nowhere in the world are there better equipped or more thoroughly experienced craftsmen."

"Waltham, the first American watch company."

The record shows that petitioners' "Waltham" watches contain 17-jewel movements imported from Switzerland. To these movements have been added a so-called "Resevoil" device containing eight additional synthetic stones. The Resevoil device is patented and consists of a small metal plate containing the jewel-like stones whose function is to lubricate pivots or other moving parts of the watch. They do not touch anything and do not serve any mechanical function as a friction bearing.

Petitioners' claim that the stones in the Resevoil device are in fact "jewels" (being described in the patent as such) was determined adversely to their contention by the Commission in In the matter of Allen v. Tornek Company, 55 F. T.C. 1770, 1772–1775 (1959); affirmed Per Curiam, Tornek v. F. T. C., 107 U.S. App.D.C. 267, 276 F.2d 513 (1960), cert. denied 364 U.S. 829, 81 S.Ct. 68, 5 L.Ed. 2d 57.

■ The fact that the patent granted on the Resevoil device described the stones as jewels granted no immunity against misrepresentations in advertisements. Decker v. Federal Trade Commission, 85 U.S.App.D.C. 137, 176 F.2d 461, 463 (1949), cert. denied 338 U.S. 878, 70 S.Ct. 159, 94 L.Ed. 539.

Petitioners contend that the tradename "Waltham" originally meant watches made in Waltham, Massachusetts. By its long use, petitioners argue, it lost this geographic meaning and acquired a secondary meaning as being watches manufactured by the owner of that tradename; hence the Delaware corporation had the right to advertise the watches as "Waltham." This same argument was heard and laid to rest in a recent case in this court concerning the same Delaware corporation. Waltham Watch Company v. F. T. C., 7 Cir., 318 F.2d 28, 31–32 (1963), cert. denied 375 U.S. 944, 84 S.Ct. 349, 11 L.Ed.2d 274 (December 9, 1963).

Any right petitioners have to use the tradename "Waltham" does not permit its use "in a manner designed to deceive the public," and "[t]hose who put into the hands of others the means by which they may mislead the public, are themselves guilty of a violation of Section 5 of the Federal Trade Commission Act." Id., 318 F.2d at 32.

On consideration of the record as a whole, we conclude that the Commission's findings as to the facts are supported by substantial evidence. On judicial review, therefore, we hold them to be conclusive. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 487–491, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

The advertising was published by the Massachusetts corporation under control of the Axlers; the watch business was subsequently transferred to the Delaware corporation; and the Delaware corporation was merged with Hallmark, Inc. Under the facts of this case, the Commission acted well within its authority in fashioning its order to prevent future deception and to close all roads to its prohibited goal. Waltham Watch Company v. F. T. C., supra, 318 F.2d at 32. Petitioners were properly made subject to the Commission order.

Finally, petitioners complain that paragraph 2 of the cease and desist part of the order is confusing and constitutes administrative harassment because they are directed to cease and desist from using the name "Waltham" in advertising or labeling without "prominently stating in immediate connection therewith the country of origin of each *component* of said watches which is not entirely manufactured in the United States." (Emphasis added.)

We think petitioners have misread the meaning of "component" in its use in this phrase. The Commission concedes on oral argument that *the watch movement is a single component* and that the word does not mean each part of the movement. We accept the meaning advanced by the Commission and, with this interpretation, petitioners will not suffer therefrom.

We have considered other contentions presented by petitioners and find them to be without merit.

The order of the Federal Trade Commission is in all respects affirmed. Enforcement will be granted.

*Enforcement ordered.*