**NATIONAL BAKERS SERVICES, INC.,**
Petitioner,

v.

**FEDERAL TRADE COMMISSION,**
Respondent.

No. 14225.

United States Court of Appeals
Seventh Circuit.

March 27, 1964.

James L. Perkins, Chicago, Ill., Robert L. Wald, Washington, D. C., Winston, Strawn, Smith & Patterson, Chicago, Ill., Wald, Harkrader & Rockefeller, Wash-

ington, D. C., Thomas A. Reynolds, Chicago, Ill., Joel E. Hoffman, Washington, D. C., for petitioner.

J. B. Truly, Asst. Gen. Counsel, John Gordon Underwood, Atty., Federal Trade Commission, Washington, D. C., James McI. Henderson, Gen. Counsel, Miles J. Brown, Atty., for the Federal Trade Commission.

Before HASTINGS, Chief Judge, and DUFFY and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This is a petition for a review of an order of the Federal Trade Commission (Commission). The petitioner, National Bakers Services, Inc. (National), is an Illinois corporation. Its business is the licensing of bakers to produce "Hollywood Bread" under its formula and trademark. It has 182 baker-licensees throughout the United States.

In a complaint, the Commission charged National had disseminated certain advertisements in which it represented directly or by implication that its bread was a low calorie food; that its bread was "lower in calories than and, therefore, substantially different in caloric value from ordinary breads," and that eating said bread would cause the consumer to lose weight or prevent the consumer from gaining weight. The complaint charged that National's bread was not a low calorie food; that it was not substantially different in caloric value from ordinary bread, and that eating said bread would not cause the consumer to lose weight and would not prevent the consumer from gaining weight.

The complaint charged National's advertisements were "false advertisements" and that the dissemination thereof constituted unfair and deceptive acts and practices in violation of the Federal Trade Commission Act (Act). (Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, 66 Stat. 632).

National's advertisements often contained a picture of a beautiful motion picture star; in some instances in a slender full length pose. The advertisements contain a picture of a loaf of bread bearing the label "Hollywood" and prominently displaying such words as "reducing diets", "figure-wise mothers", "dieting", "panther slim", "sweet, slim, trim lines", "stay slender", "leopard lithe", "tigress trim" and "diet wisely". Practically all of the advertisements contained a legend stating that there are "only about 46 calories in an 18 gram slice" of Hollywood bread.

Typical of the representations in National's advertisements is the following excerpt from Commission's Exhibit 4: "When a woman's Panther Slim * * * she's *vital* as well as slender. A good figure is more than luck when a lady watches her weight the famous *Hollywood way*. *Hollywood Bread* is high in protein, vitamins and minerals, yet has *only 46 calories per 18 gram slice.* Choice of Golden Light or Nut-like Dark Hollywood."

The Commission found that by means of its advertisements, National had represented that Hollywood bread was lower in calories than ordinary commercial bread, and that substitution of "Hollywood" bread for standard bread in a normal diet would effect a weight loss or prevent a gain in weight.

The Commission also found that the consuming public has no conception of the gram weight or caloric content of standard commercial bread, and that the use of the legend "only about 46 calories per 18 gram slice" was intended to and did convey the impression that "Hollywood" bread was lower in calories than standard bread, and that a consumer could eat an equal amount of it as other breads and yet effect a weight loss.

It is without dispute that there is no significant difference in the caloric content of "Hollywood" bread and other commercial white bread. Both contain approximately 276 calories per 100 grams. However, standard brands of bread are normally sold sliced into twenty 23 gram slices per one-pound loaf, while "Hollywood" bread is sliced into twenty-five 18 gram slices per one-

pound loaf. The only reason that "Hollywood" bread contains approximately 46 calories per slice instead of approximately 63 calories, is because "Hollywood" bread is more thinly sliced.

The Commission observed that National's bread was as suitable for use in a normal diet as well as a reducing diet as any other thinly sliced enriched bread which offers a consumer the opportunity to consume or serve the bread in smaller individual pieces. Accordingly, the Commission limited its prohibition against any representation as to the usefulness of "Hollywood" bread in such diets to those that do not clearly disclose that National's bread has "no less calories than other commercial breads" and that its "only usefulness in a reducing or weight control diet derives from the fact that its thinner slices enable the consumer to conveniently serve and consume smaller individual portions."

National asserts that its bread, due to a special formula, contains more protein than ordinary bread. National claims that because of this more favorable ratio between calories and essential protein, as well as because the thinner slice contains less calories per portion, "Hollywood" bread is more suitable in weight reducing diets than ordinary bread.

Several of National's advertisments contained "About 46 calories in an 18 gram slice. Up to 42% extra protein." This statement would be true only if "Hollywood" bread and other breads were compared on the basis of identically sized slices. As actually sold, a slice of "Hollywood" bread contained approximately the same amount of protein as a standard slice of ordinary bread.

As noted by the Commission, the consumers were not informed by National's advertising that the calorie comparison implied is between units of unequal weight, while the protein comparison is between units of the same weight. The advertisements sought to leave the impression upon the consumer that National's bread is both lower in calories and higher in protein.

Deception may be by innuendo rather than outright false statements. Rhodes Pharmacal Co. v. Federal Trade Commission, 7 Cir., 208 F.2d 382, 387.

Although National urges that it did not violate the Act and that there is no substantial evidence that its advertisements were misleading in any material respect, it levels its heaviest attack upon the form of the Commission's order. National claims the order unreasonably restricts its freedom to truthfully advertise its product, and that restrictions in the order are not reasonably related to the facts of record in this proceeding.

We think the record as a whole supports the findings of the Commission, and that National, in its advertisements, falsely represented its bread to be lower in calories and more effective in controlling body weight than ordinary bread. These findings are supported by substantial evidence on the record considered as a whole. Waltham Precision Instrument Company, Inc. v. Federal Trade Commission, 7 Cir., 327 F.2d 427, 431.

The meaning of an advertisement is a question of fact. Kalwajtys v. Federal Trade Commission, 7 Cir., 237 F.2d 654, 656, 65 A.L.R.2d 220; Aronberg v. Federal Trade Commission, 7 Cir., 132 F.2d 165, 167. The important criterion in determining the meaning of an advertisement is the net impression that it is likely to make on the general populace. Aronberg v. Federal Trade Commission, supra.

As to the order, the Commission has wide discretion in its choice of a remedy and the courts will not interfere if the Commission has made an allowable judgment in its choice of a remedy. Federal Trade Commission v. Ruberoid Co., 343 U.S. 470, 473, 72 S. Ct. 800, 96 L.Ed. 1081; Federal Trade Commission v. Mandel Brothers, Inc., 359 U.S. 385, 392, 79 S.Ct. 818, 3 L. Ed.2d 893; Waltham Watch Company

v. Federal Trade Commission, 7 Cir., 318 F.2d 28, 32.

█ This Court has held that the Commission's choice of a remedy as reflected in its order will be interfered with by the courts only if the remedy selected bears no reasonable relationship to the unlawful practices found to exist. Niresk Industries, Inc. v. Federal Trade Commission, 7 Cir., 278 F.2d 337, 343.

The Commission's order herein is affirmed. Enforcement ordered.